**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**RONNIE RAY STRONG**                                                                          **PLAINTIFF**

**v.**                                                                                          **No. 3:13CV72-M-V**

**JUDGE MURPHEY SMITH, ET AL.**                                                                 **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Ronnie Ray Strong, who challenges the conditions of his confinement under 42 U.S.C. § 1983.  For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit.  For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

The plaintiff claims that the defendants (including the presiding judge, the prosecutor, and his defense attorney) acted together to secure his convictions, at least one of which he claims he did not commit.  He also alleges that his attorney urged him to plead guilty without having seen any of the evidence against him.

### *Heck*

In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court clarified the interrelationship between actions under 42 U.S.C. § 1983 and *habeas corpus* proceedings.  There is no requirement of "exhaustion" of *habeas corpus* remedies in order to proceed on a claim under § 1983.  Rather, a § 1983 damage claim that calls into question the lawfulness of conviction or confinement or otherwise demonstrates the invalidity of the conviction or confinement is not cognizable under § 1983 until such time as a § 1983

plaintiff is able to

> prove that the conviction or sentence has been *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 114 S. Ct. at 2372; *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994).  Only if the court finds that the plaintiff's § 1983 suit, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In the case at hand, Strong's success in his claim for damages against the defendants would necessarily draw into question the validity of his conviction or sentence.  Indeed, he alleges that he was convicted as a result of collusion among the presiding judge, the prosecutor, and his defense attorney – and that there was no evidence to support his conviction.  Therefore, the plaintiff must "demonstrate that the conviction or sentence has already been invalidated," *Heck*, 114 S. Ct. at 2372, in order for the § 1983 cause of action to accrue.  Strong has made no such showing; therefore, the instant case will be dismissed for failure to state a claim upon which relief could be granted.  A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 17th day of May, 2013.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**